UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.:

Abdulkadir Y. Warsame,

    Plaintiff,

v.

RJM Acquisitions LLC, and
West Asset Management, Inc.,

    Defendants.

**COMPLAINT
WITH JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

1. This action for damages under the federal Fair Debt Collection Practices Act (FDCPA) and Minnesota law is based on Defendants' harassing, oppressive, abusive, unfair and/or unconscionable conduct, and false, deceptive, and/or misleading representations, in connection with the collection of an alleged debt.

## PARTIES

2. Plaintiff Abdulkadir Warsame is a natural person who resides in the city of Bloomington, County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

3. Defendant RJM Acquisitions LLC ("RJM") does business in Minnesota and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

4. Defendant West Asset Management, Inc., ("West Asset") does business in Minnesota and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

5. Because this case arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., jurisdiction of this Court arises under 28 U.S.C. § 1331, and supplemental jurisdiction for state law claims arises under 28 U.S.C. § 1367.

6. Venue is proper in this Court because a substantial part of the claim arose in Minnesota, and all Defendants "reside" in Minnesota, as that term is used in 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

7. Defendants attempted to collect from Plaintiff on a debt ("the debt") allegedly owed originally to Wells Fargo Bank.

8. The debt was primarily for personal, family or household purposes and was therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. Plaintiff tendered and West Asset accepted a payment as full settlement of the debt.

10. The settled debt was subsequently transferred from West Asset to RJM.

11. RJM subsequently attempted to collect from Plaintiff on the settled debt.

12. West Asset and/or RJM failed to indicate that the debt was settled.

13. RJM indicated that there was still a balance due.

14. RJM's indication that there was still a balance due was false.

15. As a result of Defendants' actions and omissions, Plaintiff has suffered actual damages, including emotional distress.

## TRIAL BY JURY

16. Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNT I:
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10), 1692f and 1692f(1)

17. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

18. Defendants foregoing actions and omissions in connection with its attempts to collect the alleged debt violated numerous and multiple provisions of the FDCPA, including without limitation 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10), 1692f and 1692f(1)

19. As a result of Defendants' violations of the FDCPA, Plaintiff has suffered actual damages, including emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. § 1692k.

20. Under 15 U.S.C. § 1692k, Plaintiff is also entitled to recover from Defendants $1,000 in statutory damages and reasonable attorney's fees and costs.

## COUNT II:
## NEGLIGENCE

21. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

22. Defendants' foregoing actions and omissions constitute a breach of Defendants' duty to Plaintiff.

23. As a result of Defendants' negligence, Plaintiff has suffered actual damages including, emotional distress.

## COUNT III:
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

24. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

25. Defendant intentionally interfered, physically or otherwise, with Plaintiff's solitude, seclusion and/or private concerns or affairs.

26. Defendant intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt.

27. Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, and/or private concerns or affairs.

28. The intrusions by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

29. As a result of such invasions of privacy, Plaintiff has suffered actual damages, including emotional distress.

## **WHEREFORE,**

Plaintiff prays that judgment be entered against these Defendants for:

    a.) Plaintiff's actual damages;

    b.) Statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k;

    c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k; and

    d.) Such other and further relief as may be just and proper.


Dated:     9/18/09                              **GOOLSBY LAW OFFICE, LLC**

                                                        By:       s/John H. Goolsby
                                                        John H. Goolsby, #0320201
                                                        2021 East Hennepin Avenue, Suite 195
                                                        Minneapolis, MN 55413
                                                        Telephone:  (612) 331-8700
                                                        jgoolsby@goolsbylawoffice.com
                                                        **Attorney for Plaintiff**

# VERIFICATION OF COMPLAINT
# AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA          )
                            ) ss
COUNTY OF HENNEPIN          )

I, Abdulkadir Y. Warsame, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I am bringing this civil Complaint in good faith and solely for the purposes set forth in it.

                                                s/Abdulkadir Y. Warsame
                                                   Abdulkadir Y. Warsame

Subscribed and sworn to before me

this 17th day of September, 2009.

    s/John H. Goolsby
Notary Public